UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHERRY WHITE, ) No. CV 16-76 AGR

            Plaintiff, )

            v. ) MEMORANDUM OPINION AND ORDER

NANCY A. BERRYHILL, Acting )
Commissioner of Social Security, )

            Defendant. )
_____ )

     Plaintiff White filed this action on January 5, 2016.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 11, 12.)  On March 30, 2017, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue.  The court has taken the matter under submission without oral argument.

     Having reviewed the entire file, the court affirms the decision of the Commissioner.

I.

## PROCEDURAL BACKGROUND

White filed applications for disability insurance benefits and supplemental security income benefits on August 3, 2011.  In both applications, she alleged an onset date of January 22, 2010.  Administrative Record ("AR") 11.  The applications were denied initially and on reconsideration.  AR 11, 124-25, 152-53.  White requested a hearing before an Administrative Law Judge ("ALJ").  On May 5, 2014, the ALJ conducted a hearing at which White and a vocational expert ("VE") testified.  AR 28-51. On June 13, 2014, the ALJ issued a decision denying benefits.  AR 8-22.  On November 16, 2015, the Appeals Council denied review.  AR 1-3.  This action followed.

II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

III.

## DISCUSSION

### A.    Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

### B.    The ALJ's Findings

The ALJ found that White met the insured status requirements through March 31, 2012.  AR 13.  Following the five-step sequential analysis applicable to disability determinations, *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that White had the severe impairments of cervical degenerative disc disease, obesity; diabetes mellitus; and right rotator cuff tear.  AR 14.   She had the residual functional capacity ("RFC") to perform light work except that she can frequently perform postural activities; occasionally use ladders, ropes or scaffolds; and frequently perform overhead reaching with the right upper extremity.  AR 18.  White was capable of performing her past relevant work of day care worker and cafeteria attendant as generally performed.  AR 21.

### C.    Examining Physician

An examining physician's opinion constitutes substantial evidence when, as here, it is based on independent clinical findings.  *Orn v. Astrue*, 495 F.3d 625, 632 (9th

---

[1]  The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsbury*, 468 F.3d at 1114.

1  Cir. 2007).  When an examining physician's opinion is contradicted, "it may be rejected

2  for 'specific and legitimate reasons that are supported by substantial evidence in the

3  record.'" *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted).

4  "'The opinion of a nonexamining physician cannot by itself constitute substantial

5  evidence that justifies the rejection of the opinion of either an examining physician or a

6  treating physician.'" *Ryan v. Comm'r*, 528 F.3d 1194, 1202 (9th Cir. 2008) (citation

7  omitted) (emphasis omitted).  However, a non-examining physician's opinion may serve

8  as substantial evidence when it is supported by other evidence in the record and is

9  consistent with it.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

10         Dr. Bagner performed a psychiatric evaluation of White on January 26, 2012.  AR

11  398-401.  Based on the mental status examination, Dr. Bagner observed that White was

12  alert, cooperative and anxious, with good eye contact.  Her speech was slow but clear,

13  coherent and soft in volume.  Her mood was depressed but there was no psychomotor

14  retardation.  Her thought process and thought content did not show abnormality and she

15  denied any hallucinations.  She was able to recall 3/3 objects immediately and 2/3 after

16  five minutes, and could perform serial three's.  AR 400.

17         Dr. Bagner diagnosed major depressive disorder and assessed a Global

18  Assessment of Functioning (GAF) score of 65.[2]  AR 401.  He opined that White had no

19  limitation in her ability to follow simple instructions and only mild limitation in her ability

20  to follow detailed instructions.  White was mildly limited in her ability to interact with the

21  public, coworkers and supervisors; and comply with job rules such as attendance.  She

22  was moderately limited in her ability to respond to changes in a routine work

23  environment and to work pressure due to a low threshold for frustration.  *Id.*

24

25         [2]  A GAF score of 61-70 indicates some mild symptoms "(e.g., depressed mood and
26  mild insomnia) or some difficulty in social, occupational, or school functioning (e.g.,
    occasional truancy, or theft within the household), but generally functioning pretty well,
27  has some meaningful interpersonal relationships."  Diagnostic and Statistical Manual of
28  Mental Disorders ("DSM-IV-TR") 34.

4

At step two of the sequential analysis, the ALJ found that White's mental impairment did not cause more than minimal limitation in her ability to perform basic mental work activities and was therefore non-severe.  AR 15.  White had mild limitations in activities of daily living, social functioning, and concentration, persistence or pace. The record contained no episodes of decompensation of extended duration.  AR 16.  At step four of the sequential analysis, the ALJ noted that White made no complaint of mental limitations at the hearing, and he found insufficient evidence of a supportable limitation in her functional capacity due to a mental health impairment.  AR 20.  The ALJ gave Dr. Bagner's opinion minimal weight based on White's failure to seek mental health treatment and the ALJ's findings.  AR 20-21.

White's argument that the ALJ erred at step two of the sequential analysis is insufficient.  Even assuming error at step two, any error was harmless because prejudice could occur only in later steps.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (failure to address particular impairment at step two is harmless when ALJ evaluates that impairment in later step); *see also Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006) (ALJ's error harmless when it is "inconsequential to the ultimate nondisability determination").  White does not argue that the ALJ erred at step four of the sequential analysis.  There is no showing that Dr. Bagner's relatively benign opinion, accepted at face value, would preclude White's past relevant work.  The ALJ found, based on the VE's testimony, that White could perform her past relevant work even with the additional limitation that she was precluded from high production quota jobs.  AR 21.

# IV.

## <u>ORDER</u>

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.


DATED: March 31, 2017

_____
ALICIA G. ROSENBERG
United States Magistrate Judge